UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RYAN P. MCKEOWN,

                 Plaintiff,

       v.

CHRISTOPHER A. WRAY, JOE BIDEN,
DAVID HILL, MERRICK GARLAND, and
LLOYD AUSTIN,

                 Defendants.

**MEMORANDUM & ORDER**
23-CV-05489 (HG) (LB)

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff Ryan McKeown is currently incarcerated by the State of Wisconsin and has filed this lawsuit against several federal government officials.  ECF No. 1.  Plaintiff's complaint is difficult to decipher and does not identify particular statutes that purportedly authorize a cause of action.  *Id.*  However, Plaintiff has alleged that he was kidnapped, trafficked, and tortured, although he does not explain whether Defendants or someone else caused him these harms.  *Id.* Plaintiff has also requested permission to litigate this case on an *in forma pauperis* basis.  *Id.* at 7.  Pursuant to the Court's duty to *sua sponte* screen the validity of complaints filed by incarcerated plaintiffs against government officials, the Court grants Plaintiff's request to proceed *in forma pauperis* but dismisses Plaintiff's complaint as frivolous, with prejudice and without leave to amend, for the reasons set forth below.[1]

---

[1]    The Court has searched the dockets for this District, the U.S. District Court for the Southern District of New York, and the U.S. District Courts for the Eastern and Western Districts of Wisconsin and has identified no prior lawsuits filed by Plaintiff.  The Court therefore concludes that Plaintiff is not prohibited from receiving *in forma pauperis* status, pursuant to 28 U.S.C. § 1915(g), which provides that a prisoner may not be granted *in forma pauperis* status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that

## BACKGROUND

Plaintiff is attempting to assert claims against the President of the United States, the United States Attorney General, the Secretary of Defense, the Director of the Federal Bureau of Investigation, and an individual whom Plaintiff says is the pilot of the helicopter known as "Marine One," which is responsible for transporting the President.  ECF No. 1 at 2–3.  Plaintiff purports to invoke both the Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331, and the Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  *Id.* at 4.  Plaintiff alleges that the bases for his claims are "professional negligence," "torture, trafficking, kidnapping," "threats," and "war crimes," which he asserts are connected to non-defendants "Vladimir Putin," "Russia," "NATO," and "the U.N."  *Id.* at 5.  Plaintiff demands $2 billion in "exemplary" damages and $3 billion in "punitive damages."  *Id.* at 6.

The allegations of harm in Plaintiff's complaint are made in entirely conclusory terms, and he has not attempted to describe any interaction between him and any of the Defendants.  *See* ECF No. 1.  Since filing his complaint, Plaintiff has filed a letter that makes more conclusory assertions of harm but, like his complaint, does not specify how any Defendant was involved in the harm, other than asserting that Plaintiff has "written Congress, the [P]entagon, [and] the FBI/Wray" in an attempt to apprise them of his alleged harm.  ECF No. 5 at 1.

Although Plaintiff has not filed a request for *in forma pauperis* status using the District's form application, he filed a letter contemporaneously with his complaint asking permission to litigate *in forma pauperis* and requesting a copy of the appropriate form for "waiver of fees [and] costs."  ECF No. 1 at 7.  The Clerk's Office sent Plaintiff a letter indicating that he needed to, on or before August 9, 2023, either pay the District's filing fee or complete its form application for

---

it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

*in forma pauperis* status, a copy of which was enclosed with the letter.  ECF No. 3.  Plaintiff

filed a responsive letter indicating that he did not receive the letter from the Clerk's Office until

August 8, only one day before the deadline, and requesting a year to respond or, alternatively,

"as far out as possible."  ECF No. 4.  Plaintiff claimed that an extension was necessary because

evidence related to his case was supposedly being destroyed.  *Id.*  Plaintiff also requested

additional copies of the summons for his case and the "waiver of cost forms."  *Id.*

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2]  "A claim is plausible 'when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d

Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations

contained in the complaint are assumed to be true, this tenet is "inapplicable to legal

conclusions." *Iqbal*, 556 U.S. at 678.  A *pro se* complaint "must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94

(2007).  The Court's obligation "to construe a *pro se* complaint liberally" continues to apply

"[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v.*

*Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020).

Despite this leniency afforded to *pro se* plaintiffs, multiple statutes require the Court to

review *sua sponte* the merits of complaints filed by prisoners seeking leave to proceed *in forma*

*pauperis*. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  "Section 1915 governs

---

[2]      Unless noted, case law quotations in this order accept all alterations and omit internal
quotation marks, citations, and footnotes.

proceedings *in forma pauperis*, while § 1915A applies to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid a filing fee." *Id.* (citing 28 U.S.C. §§ 1915, 1915A).  When a plaintiff seeks permission to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . .  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  When a prisoner files a civil action against "a governmental entity or officer or employee of a governmental entity," the Court must "dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §§ 1915A(a), (b).  The Second Circuit has recognized that the criteria described in these two statutes provide "identical grounds for dismissal."  *Abbas*, 480 F.3d at 639.

Courts must be careful when reviewing complaints submitted by plaintiffs seeking *in forma pauperis* status "not to conflate easy cases with inarguable or fanciful ones, as only the latter warrant dismissal" as frivolous.  *Alvarez v. Garland*, 33 F.4th 626, 637 (2d Cir. 2022).  The Court therefore may not dismiss a complaint filed by a plaintiff proceeding *in forma pauperis*, pursuant to 28 U.S.C. § 1915(e), "simply because the [C]ourt finds the plaintiff's allegations unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  The Court may, however, dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," and the Court need not restrict itself to facts capable of judicial notice when reaching that conclusion.  *Id.*  Dismissal pursuant to 28 U.S.C. § 1915A is inappropriate "whenever a

liberal reading of the complaint gives any indication that a valid claim might be stated."
*Schlosser v. Kwak*, 16 F.4th 1078, 1081 (2d Cir. 2021).

## DISCUSSION

Regardless of whether Plaintiff has been subjected to any harm, since his complaint and
the other papers he has filed do not even attempt to explain how Defendants were involved in
that alleged abuse, his claims can only be described as "fanciful, fantastic, or delusional," and
may be dismissed on that basis.  *Gallop v. Cheney*, 642 F.3d 364, 367–68 (2d Cir. 2011)
(affirming dismissal of complaint that "hypothesize[d] a fantastical alternative history to the
widely accepted account of" the terrorist attacks on September 11, 2001).  The frivolity of
Plaintiff's allegation that he has any relationship with Defendants is underscored by the fact that
he has been incarcerated by the State of Wisconsin since January 2022, after having been
convicted of violating his conditions of release imposed in connection with a prior conviction,
and has been in and out of Wisconsin prisons since at least 2011 because of various offenses.[3]

Courts throughout the Second Circuit regularly dismiss as frivolous claims brought by
plaintiffs based on similarly irrational allegations, even after giving those claims the lenient
interpretation afforded to *pro se* litigants.  *See, e.g.*, *Frein v. Pelosi*, No. 21-cv-1038, 2023 WL
3475456, at *3 (W.D.N.Y. May 16, 2023) (dismissing as frivolous *pro se* plaintiff's claims based
on allegations "that an insurrectionist group of government officials based in California ha[d]
been targeting him for decades" and "ha[d] attempted to murder him, illegally surveilled him,
burgled his mother's home to steal his intellectual property, and attacked him with lasers");
*Deem v. Schumer*, No. 22-cv-8655, 2022 WL 10119284, at *1 (S.D.N.Y. Oct. 15, 2022)
(dismissing *pro se* complaint alleging that various federal and state government officials had

---

[3]    *General Public – Offender Search*, St. of Wisc. Dep't of Corrs. (last visited Aug. 25,
2023), https://appsdoc.wi.gov/lop/home/home.

become "affiliates of secret societies, clubs or cabals [that] take oaths of allegiance to each other and to said organizations that supersede all other oaths or affirmations"); *Coppedge v. New York State*, No. 21-cv-4718, 2022 WL 59637, at *3–4 (E.D.N.Y. Jan. 6, 2022) (dismissing claims alleging that issuing a birth certificate to plaintiff was a form of slavery that violated the Thirteenth Amendment).  In each of these cases, the plaintiff's allegations were so incurable that the courts did not grant leave to amend.  *Frein*, 2023 WL 3475456, at *4; *Deem*, 2022 WL 10119284, at *2; *Coppedge*, 2022 WL 59637, at *4.

Defendants are also entitled to immunity from suits for damages because Plaintiff's complaint relates to actions Defendants allegedly took while exercising their official duties. "The President is absolutely immune from suit for damages 'predicated on his official acts.'" *See Dixon v. Biden*, No. 23-cv-748, 2023 WL 3976929, at *2 (S.D.N.Y. June 12, 2023) (quoting *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982)) (dismissing *pro se* complaint).  Additionally, "the doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies and federal officers sued in their official capacities, unless sovereign immunity has been waived." *Frost v. Trump*, No. 22-cv-6126, 2022 WL 3030477, at *1 (S.D.N.Y. July 29, 2022); *see also Abadi v. Am. Airlines Grp., Inc.*, No. 23-cv-4033, 2023 WL 5433062, at *2 (S.D.N.Y. Aug. 23, 2023) (relying on sovereign immunity to dismiss *pro se* plaintiff's claims against individual government officials); *Volovets v. Trump*, No. 20-cv-5082, 2020 WL 7481328, at *2 (E.D.N.Y. Dec. 18, 2020) (same).

Although the Federal Tort Claims Act has waived sovereign immunity under certain circumstances, it includes a "jurisdictional presentment requirement" that requires Plaintiff to "have first presented [his] claim to the appropriate Federal agency for its review." *Collins v. United States*, 996 F.3d 102, 109 (2d Cir. 2021).  Plaintiff's complaint does not indicate that he

has complied with this presentment requirement, so no waiver of sovereign immunity applies to his claims. *See Abadi*, 2023 WL 5433062, at *2 n.1 (noting that lack of presentment reinforced need for dismissal on sovereign immunity grounds).

## CONCLUSION

Plaintiff's complaint is frivolous for the reasons set forth above. The Court grants Plaintiff's request to proceed *in forma pauperis* but dismisses all of Plaintiff's claims with prejudice—and without leave to file an amended complaint—pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b). The Court therefore denies as moot Plaintiff's request for an extension of time to submit an *in forma pauperis* application that complies with the District's standard form. *See* ECF No. 4. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment, to close this case, and to mail Plaintiff a copy of this order and the judgment.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
August 25, 2023

7